### Case No. 12,537.

#### SCOTT v. LAW.

[2 Cranch, C. C. 530.][1]

Circuit Court, District of Columbia. May Term, 1825.

APPEAL—PROPER TERM TO TRANSMIT RECORD.

In Maryland, in the year 1819, the appellant was not bound to prosecute his appeal and

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

transmit the record until the term next after the approval of the appeal-bond.

Debt [by Alexander Scott against John Law's administrator] on an appeal-bond, dated 5th June, 1819, in the penalty of $42,000, with condition, which, after reciting the judgment of Charles county court in favor of Scott for $20,000, and that the said John Law hath "prayed an appeal to the next court of appeals to be held for the western shore," says: "Now the condition of the above obligation is such, that if the above bound John Law shall not pursue the directions of the act of assembly of Maryland, entitled 'An act for regulating writs of error and granting appeals from and to the courts of common law within this province,' at the next court of appeals to be held for the western shore, and prosecute the same writ with effect, and also satisfy and pay unto the said Alexander Scott, his executors, &c., or assigns in case the said judgment shall be affirmed as well all and singular the damages and costs adjudged by the county court aforesaid, as also all costs and damages that shall be awarded by the court of appeals aforesaid, then this bond to be and remain in full force and virtue, otherwise of no effect." The declaration was in the common form for the penalty.

The defendant prayed oyer of the bond and condition; and the indorsement of the judge approving the bond, in these words: "Approved by me, one of the associate judges of the First judicial district of Maryland, June 15, 1819, J. R. Plater;" and pleaded general performance, to which the plaintiff replied, "That the said John did not pursue the directions of the said act of assembly in the said condition mentioned at the said next court of appeals, for the western shore, then ensuing; and did not pursue the method and rule of the prosecution of the said appeal in the manner and form in the said act mentioned and expressed; but altogether failed and neglected, at the said next court to cause a transcript of the full proceedings of the said court in the said condition named, from whence the said appeal was made, as in the said condition mentioned, to be transmitted to the said court of appeals, at the said next court, and also wholly failed and neglected to file in the same court, namely, at the said next court, in writing, according to the rule of the same court, such causes or reasons as he had for making the said appeal; and did not prosecute his appeal, mentioned in the said condition of the said obligation, at the next court of appeals of the state of Maryland for the western shore; which the said Alexander avers was begun and held at Annapolis, in the said state, on the second Monday of June, in the year 1819, as he was bound to do by the said obligation and the condition thereof; but that the said John in his life," &c., "altogether omitted and failed so to do; and continued so to fail and omit to prosecute the said appeal until the first Monday of December in the said year, which

was the second term of the said court of appeals after the execution of the said obligation; and so the plaintiff says that the condition of the said obligation was broken; by reason whereof the plaintiff has sustained damage to the value of $52,000; and this he is ready to verify," &c.

To this replication the defendant rejoined, "That the said John Law did, immediately after the rendition of the said judgment of the Charles county court, pray an appeal from the said judgment; and thereupon directed the clerk of the said Charles county court to make out the record of the said judgment and send the same to the said court of appeals, as he the said clerk was bound to do; and that the said John did well and truly prosecute the said appeal with effect; and that the said judgment was afterwards, namely, on the second Monday in June in the year 1822, by the judgment of the said court of appeals, reversed, as by the record of the said appeals now remaining in the said court of appeals will appear; and this the said defendant is ready to verify," &c. To this rejoinder there was a general demurrer and joinder.

The act of Maryland referred to in the condition of the bond was the act of October, 1713, c. 4, § 4.

Mr. Jones and Mr. Ashton, for plaintiff, contended that the bond, although not approved until after the second Monday of June, 1819, the day of the commencement of the June term of the court of appeals, related back to the fifth day of June, the date of the bond; and that therefore the defendant was bound to prosecute his appeal, and transmit the record, at the June term of the court of appeals; whereas he did not prosecute it and transmit the record until the December term. That it was not the duty of the clerk of Charles county court to transmit the record, and that his failing to do so was no excuse for the delay of the defendant. That the bond takes effect from its delivery; and the delivery is presumed to be made at its date, unless the contrary be shown.

Mr. Key, contra. The bond was not to be delivered to the party, but to the clerk; and the clerk could not receive it until it was approved, so that until it was approved it could not be delivered; and as it was not delivered until after the first day of the June term, the next court mentioned in the condition was the December court.

CRANCH, Chief Judge. We think the rejoinder is bad, because it does not answer all the breaches assigned in the replication. The replication assigns three breaches. 1st, that John Law did not, at the next court, cause a transcript of the record to be transmitted to the court of appeals; 2d, that he did not, at the next court, file in writing his causes or reasons for making the appeal; and 3d, that he did not prosecute his appeal at the court of appeals, held at Annapolis on the second Monday of June, 1819.

To the first breach, the rejoinder answers that J. L. immediately after the rendition of the judgment, prayed an appeal and directed the clerk of the county court to make out the record and send it to the court of appeals. This is no excuse for not causing the transcript of the record to be sent. It was not the duty of the clerk to send it; nor even to make out the transcript unless his fees were paid or secured; and there is no averment that they were either secured or paid. The second breach is not answered at all; but as the replication does not set forth the rule of the court on that subject, we think the assignment of this breach is bad, and the defendant is not bound to answer to it. The answer to the third breach is that J. L. prosecuted his appeal with effect; and that the judgment of the county court was reversed.

The question, whether this is a sufficient answer to the third breach, depends upon the question whether J. L. was bound by his obligation, at all events, to prosecute his appeal at June term, 1819. The condition of the bond is that he shall pursue the directions of the act of Maryland, 1713, c. 4, at the next court of appeals to be held for the western shore. Next, after what? The judgment? or the date of the bond? or the approval of the bond? or the delivery of the bond? or, according to the words of the act of assembly, is it "the next court ensuing, before whom such appeal ought to be tried"? Certainly the directions of the act ought to be pursued at, or in, the court before whom such appeal ought to be tried; but these words designate the court, not the term of the court, in which the appeal should be tried; otherwise the legislature would not have used the expression, "before whom;" but, at which.

The principal object of the act of assembly was to ascertain the cases in which an appeal should be a supersedeas to the judgment below. It is reasonable to suppose, therefore, that the legislature had in view the time of the supersedeas, and intended that the appellant should prosecute his appeal as soon as possible after he had suspended the judgment by giving the necessary security. The appeal was not to operate as a supersedeas until the security should have been approved by the justices of the court below. The term of the court, then, at which the defendant ought to prosecute his appeal would be the court next after the approval of the security. In the present case it appears by the indorsement of the judge upon the bond, that it was not approved until the 15th of June, 1819, which must have been after the 2d Monday of June, the day appointed by law for holding the court of appeals. It might have been a matter of doubt whether the court, at that term, would have jurisdiction of the appeal; and the defendant could not know that the court would sit more than one day.

Being of opinion that the defendant was not bound to prosecute his appeal until the term next after the approval of his bond, we think the third breach assigned in the replication is bad, and that the defendant is not bound to answer it. This also disposes of the first breach; for the "next court" mentioned in the assignment of this breach is afterwards, in the same replication, explained to be the June term, 1819, to which term we do not think the defendant was bound to transmit the transcript of the record.

Upon the whole we think the replication bad in all its assignments of breaches; and that the judgment upon the demurrer must be for the defendant.

